IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WALTER FRANK AGEE,**

    Petitioner,

v.                            CIVIL ACTION NO. 2:04CV13

**THOMAS L. McBRIDE, Warden,**

    Respondent.

## REPORT AND RECOMMENDATION

## 28 U.S.C. § 2254

### I. INTRODUCTION

On February 26, 2004, the *pro se* petitioner, Walter Frank Agee, filed a Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody. On June 23, 2004, the Court Ordered the petitioner to provide the Court with a copy of the Order from the Circuit Court of Mineral County in which the petitioner's state habeas petition was denied and a copy of the trial transcript. The petitioner complied with the Court's Order.

This matter is pending before me for initial review and report and recommendation pursuant to L R Pl P 83.13.

### II. PROCEDURAL HISTORY

#### A. Conviction and Sentence

In July 2000, a Mineral County Circuit Court jury found the petitioner guilty of two counts of first degree sexual assault, one count of first degree sexual abuse and one count of sexual abuse by a custodian. On August 17, 2000, the petitioner was sentenced to 15-35 years for each of the first degree sexual assault convictions, 1-5 years for the first degree sexual abuse conviction, and 5-15 years for the sexual abuse by a custodian conviction. All sentences were ordered to be served

consecutively. The petitioner is currently incarcerated at the Mount Olive Correctional Complex, Mount Olive, West Virginia.

## B. Appeal

The petitioner filed a petition for appeal from his conviction and sentence. The petition for appeal was refused on October 24, 2001.

## C. State Habeas Corpus

On November 5, 2001, the petitioner filed a *pro se* petition for writ of habeas corpus in the Circuit Court of Mineral County. Thereafter, counsel was appointed and he filed an amended habeas petition. On March 19, 2003, the circuit court denied the petition on its merits without holding a hearing. The circuit court stated that the petitioner had raised five grounds of ineffective assistance of counsel and all five grounds were without merit. The petitioner then filed a petition for appeal with the West Virginia Supreme Court of Appeals. The petition was refused on January 29, 2004.

## D. Federal Habeas Corpus

### Petitioner's Contentions

(1) The lower court committed reversible error in denying the petitioner's defense motions in limine to exclude the 404(b) testimony of alleged acts and events concerning relations occurring in West Virginia and numerous inflammatory comments concerning the petitioner, and the admission thereof such alleged hearsay, and double hearsay testimony of Janet Lawson concerning hearsay allegations of threats allegedly made by your petitioner without first conducting a mandatory and proper in-camera McGinnis hearing required by law which constitutes reversible error under the "plain error doctrine."

(2) The lower court committed reversible error in denying the petitioner's defense motion for judgment of acquittal at the close of the State prosecutions case in chief because the evidence was insufficient to support a guilty verdict in the case.

(3) The lower court committed reversible error by allowing child protective

service work Ken Powers to proffer a lay witness opinion that the alleged underage victim had been sexually assaulted.

(4) The lower court committed reversible error by allowing the State to introduce Dr. Chapman's report into evidence because it was unreliable and because the director of medical records testified about its contents instead of a expert or qualified doctor.

(5) His writ of habeas corpus was denied without a hearing.

The petitioner asserts that he raised grounds 1-4 on direct appeal.

## III. ANALYSIS

### A. Standard of Review

28 U.S.C. §2254 requires a district court to entertain a petition for habeas corpus relief from a prisoner in State custody, but "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a).

Regardless, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A).

However, the federal court may not grant habeas relief unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the State court proceeding.

28 U.S.C. §2254(d)(1) and (2); see also Williams v. Taylor, 529 U.S. 362 (2000).

3

The Fourth Circuit Court of Appeals has determined that "the phrase 'adjudication on the merits' in section 2254(d) excludes only claims that were not raised in state court, and not claims that were decided in state court, albeit in a summary fashion." Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir.1999). When a state court summarily rejects a claim and does not set forth its reasoning, the federal court reviews the record and clearly established Supreme Court law. Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000), cert. denied, 534 U.S. 830(2001)(quoting Bacon v. Lee, 225 F.3d 470, 478 (4th Cir. 2000)). However, the court must still "confine [its] review to whether the court's determination 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Id. at 158.

A federal habeas court may grant relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. A federal court may grant a habeas writ under the "unreasonable application" clause, "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. "An unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410.

When a petitioner challenges the factual determination made by a state court, "federal habeas relief is available only if the state court's decision to deny post-conviction relief was 'based on an unreasonable determination of the facts.' §28 U.S.C. 2254(d)(2). In reviewing a state court's ruling on post-conviction relief, we are mindful that 'a determination on a factual issue made by a State court shall be presumed correct,' and the burden is on the petitioner to rebut this presumption 'by

4

clear and convincing evidence.'" Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003).

However, habeas corpus relief is not warranted unless the constitutional trial error had a "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); Richmond v. Polk, 375 F. 3d 309 (4th Cir. 2004). "Under this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" Brecht, supra.

As discussed below, the petitioner fails to demonstrate that the state court arrived at a conclusion that was contrary to or an unreasonable application of federal law. Further, he fails to prove that the state court unreasonably determined the facts when analyzing his claims. Moreover, the petitioner raises claims that are not cognizable in federal habeas corpus. For these reasons, the petitioner has not established that he is entitled to relief pursuant to 28 U.S.C. §2254.

**B. Ground One.**

In Ground One the petitioner alleges that the introduction of evidence under Rule 404(b) of the West Virginia Rules of Evidence violated State v. McGinnis, 455 S. E. 2d 516 (W.Va. 1994). In State v. McGinnis, the West Virginia Supreme Court addressed the admissibility of evidence under Rule 404(b) of the West Virginia Rules of Evidence and established a specific standard for evaluating an offer of evidence under such rule. However, violations of state law and procedure which do not infringe specific federal constitutional protections are not cognizable under §2254. See Estelle v. McGuire, 502 U.S. 62 (1991).

The petitioner does not argue that the trial court's failure to hold a McGinnis hearing denied him of any federal constitutional rights. Thus, this claim is not cognizable in federal habeas corpus.

## C. Ground Two.

The petitioner alleges that there was insufficient evidence to support a guilty verdict in his case. The standard of review in a habeas proceeding regarding sufficiency of the evidence is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).

The district court must "consider circumstantial as well as direct evidence and allow the government the benefit of all reasonable inferences from facts proven to facts sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Additionally, the Court must not undertake to evaluate the credibility of a witness, as the witness' credibility is within the sole province of the jury and is not susceptible to review. United States v. Saunders, 886 F.2d 56 (4th Cir.1989).

The petitioner asserts that the only evidence the State introduced to support the verdict was the testimony of the victim, a nine year old girl, "who had initially told her mother that the petitioner had just kissed her on the mouth." The petitioner also asserts that the medical evidence did not support a guilty verdict.

During the trial, the State presented the testimony of Ken Power, a child welfare supervisor for the West Virginia Department of Health and Human Resources. In August 1997, he was a child protective service worker stationed in the Keyser, West Virginia office, and he interviewed the victim. He testified that the victim reported allegations of sexual abuse and that the victim's demeanor was consistent with being sexually abused.

Faye Kuhlman, the Director of Health Information at Potomac Valley Hospital testified that

on August 5, 1997, the victim came to the hospital and was examined by Dr. Chapman. She testified that the emergency records revealed that the victim gave a history of sexual abuse and that Dr. Chapman diagnosed sexual molestation based on history. She also stated that the report revealed Dr. Chapman contacted the WV DHHR. Mr. Powers then came to the hospital as did Keyser City Police.

Dr. Itani, a pediatrician, testified that he examined the victim on August 7, 1997. Dr. Itani testified that it was his impression that the victim has been sexually molested based on her behavior during the interview and his physical findings. However, he also testified that his physical examination of the victim revealed little evidence of sexual abuse. But, that there was physical findings consistent forceful sexual intercourse i.e, poor vascularlization of the posterior aspect of the hymen. However, he stated the trauma was more than 4 days old. Dr. Itani also testified that unlike Dr. Chapman, he did not find a ruptured hymen, any redness or soreness, but such redness or soreness could have gone away by the time he examined her.

The victim's mother testified that the victim told her that the petitioner had touched her and kissed her on the mouth and had sex with her.

The victim testified that the petitioner kissed her, kissed her "privates," licked her and told her to kiss his "private," and also tried to put his "private" into hers.

The petitioner testified that he never did any of the things the victim accused him of doing.

The court is not to determine the credibility of the witnesses. Instead, such is a function for the jury and based on the evidence presented, a rational tier of fact could have found the petitioner guilty of the offenses beyond a reasonable doubt. Therefore, this claim is without merit.

### D. Ground Three.

The petitioner alleges that the trial court erred in allowing a child protective service worker to offer his opinion that the victim has been sexually assaulted. According to the petitioner, pursuant to State v. Nichols, 541 S.E. 2d 310-325 (1999), a lay witness must confine his testimony to a report of the facts.

"It is not the province of a federal habeas court to re-examine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991). A claim that the evidentiary ruling violated state law is not cognizable in a federal habeas corpus. Duncan v. Henry, 513 U.S. 364, 365-66 (1995). Absent "circumstances impugning fundamental fairness or infringing specific constitutional protections," admissibility of evidence does not present a federal question. Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir. 1960).

The petitioner has only argued that the admissibility of Mr. Powers' testimony violated state law. However, a claim regarding the violation of a state law is not cognizable in federal habeas corpus.

### E. Ground Four

The petitioner alleges that his right to confrontation was violated by the introduction of the report of Dr. Chapman. Dr. Chapman had a stroke and was unable to testify at the petitioner's trial. However, Faye Kuhlman, the Director of Medical Records at the Potomac Valley Hospital, testified at trial and read from Dr. Chapman's report. She testified that State's Exhibit Number One was a copy of the original ER records and that it was a true and actual photocopy. The State moved the

report into evidence. The defense never objected to the reports admission. Now the petitioner asserts that Dr. Chapman's report was hearsay, the admission of the report violated his constitutional rights, and that it was improper for Ms. Kuhlman to testify regarding Dr. Chapman's report because she is not a licensed medical professional.

The petitioner concedes that the State did not need to demonstrate that Dr. Chapman was unavailable but only that the report was reliable. According to the petitioner, the State did not show that the report was reliable.

The Confrontation Clause of the Sixth Amendment guarantees the right of an accused in a criminal prosecution "to be confronted with the witnesses against him." U.S. Const. amend. VI. "The Supreme Court has held that the Confrontation Clause allows the admission of hearsay evidence against criminal defendants if it falls within a 'firmly rooted hearsay exception' or possesses 'particularized guarantees of trustworthiness.'" Hayes v. York, 311 F.3d 321, 324 (4th Cir. 2002)(citing Ohio v. Roberts, 448 U.S. 56, 66 (1980). "A hearsay exception [is] 'firmly rooted' if, in light of 'longstanding judicial and legislative experience,' it 'rest[s][on] such [a] solid foundatio[n] that admission of virtually any evidence within [it] comports with the 'substance of the constitutional protection.'" Lilly v. Virginia, 527 U.S. 116, 126 (1999)(internal citations omitted). "'Particularized guarantees of trustworthiness' must be shown from the totality of the circumstances, but we think the relevant circumstances include only those that surround the making of the statement and that render the declarant particularly worth of belief." Idaho v. Wright, 497 U.S. 805, 819 (1990). The Supreme Court has not set forth a "mechanical test for determining 'particularized guarantees of trustworthiness.'" Id. at 822.

The petitioner argues that the report is an emergency room report and does not fall within the

public records exception or any other exception to the hearsay rule. According to the petitioner, he "can think of no other exception under the hearsay rule that would vouch for its reliability and therefore, its admissibility." Even if the report did not fall within a firmly rooted hearsay exception, there is no evidence that the report was not trustworthy. The petitioner merely asserts that the testimony of Dr. Bilal Itanai, a pediatrician, who saw the victim two days after Dr. Chapman, was inconsistent with Dr. Chapman's opinions and casts doubts on the reliability of the emergency room record. However, Dr. Chapman's report is not to be compared to Dr. Itani's report. Instead it must be determined under what circumstances Dr. Chapman made the statements in his report.

Even if there was a violation of the Confrontation Clause, such does not automatically entitle the petitioner to habeas relief. When a Confrontation Clause error is raised in a federal habeas corpus petition, it is subject to the harmless error analysis. Delaware v. Van Arsdall, 475 U.S. 673 (1986). "On habeas review a trial error can be reversed only if the error had a substantial and injurious effect or influence in determining the jury's verdict." Satcher v. Pruett, 126 F.3d 561, 567 (4th Cir.1997) (quoting Brecht v. Abrahamson, 507 U.S. 619, 635 (1993)). The habeas court must conduct a *de novo* examination of the trial record. Id.

In the petitioner's case, multiple witnesses testified regarding the alleged abuse. Thus, there was other evidence to support the petitioner's conviction other than the report of Dr. Chapman. Thus, the admission of Dr. Chapman's report was harmless and the petitioner is not entitled to habeas relief.

F. **Ground Five**.

In Ground Five, the petitioner asserts that it was an abuse of discretion for the circuit court to deny his habeas petition without an evidentiary hearing. However, under West Virginia law, a

petitioner is not entitled to an evidentiary hearing all the time. Jenkins v. Coleman, 2002 WL 32366023, *6-*7 (S.D.W.Va. 2002). Further, the Southern District determined that federal habeas corpus law does not require a state to grant the prisoner a hearing on the merits. Id. Moreover, error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief. Wright v. Angelone, 151 F.3d 151, 159 (4th Cir.1998). Accordingly, Ground Five is without merit.

## IV. RECOMMENDATION

It is recommended that the petitioner's petition filed pursuant to 28 U.S.C. §2254 be DENIED and DISMISSED WITH PREJUDICE.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation.[1]

The Clerk of the Court is directed to mail a copy of this Recommendation to the *pro se* petitioner.

Dated: February 8, 2005

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[1] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

11